**FILED**

FEB 1 2000

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| SABRINA MYERS, | |
| Intervenor, | |
| v. | CIV 98-1274-W |
| TPI PETROLEUM, INC. f/k/a TOTAL PETROLEUM, INC., and CARL NELSON, MIKE MOORE, TIM BUNCH, MIKE NICKELLS, DAVID GOODBARY, and VALERIE MENDOZA, individuals, | |
| Defendant. | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Opportunity Commission (EEOC), Intervenor Sabrina Myers and TPI Petroleum Inc. f/k/a Total Petroleum Inc. (TPI) in the United States District Court for the Western District of Oklahoma, Oklahoma City Division, with regard to the EEOC's Complaint filed on September 16, 1998 (Complaint), in Civil Action No. CIV-98-1274-W. The Complaint was based upon a charge of discrimination filed by Sabrina Myers, Charging Party, against the Defendant employer.

The above referenced Complaint alleges that the Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. violated Title VII of the Civil Rights Act of 1964, by subjecting Ms. Myers to a sexually hostile work environment because of her sex, female, and constructively discharging her from her position. The Defendant employer denies all of EEOC's allegations against the company.

115

The EEOC, Ms. Myers and the Defendant TPI agree to compromise and settle the differences embodied in the Complaint, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues raised in EEOC Charge No. 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. This Decree further resolves all issues in the Complaint filed by the EEOC in this civil action. Myers agrees to dismiss with prejudice her Complaint in Intervention filed in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above referenced charge and Complaint. The EEOC does not waive processing or litigating charges other than the above referenced charge.

2. The parties agree that this Consent Decree does not constitute an admission by the Defendants of any violation of Title VII of the Civil Rights Act.

3. Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees that it shall conduct all employment practices in a manner which does not subject any employee to discrimination or sexual harassment or constructive discharge under Title VII of the Civil Rights Act.

4. TPI is now owned by Ultramar Diamond Shamrock, which is not a party to this action. Ultramar Diamond Shamrock agrees to post its Sexual Harassment Policy appended hereto as Attachment "A" on the employee bulletin board at all of retail "Total Petroleum" facilities in Oklahoma within ten (10) days after the entry of this Consent Decree. Defendant will report to the EEOC that it has complied with this requirement within 14 days after posting the notice. The posting of this notice is to inform employees about sexual harassment. EEOC's agreement that Attachment

A be posted is in no way an endorsement or approval of the specific sexual harassment policy as an effective sexual harassment policy.

5. Within six months after the Consent Decree is entered, Ultramar Diamond Shamrock agrees to conduct Sexual Harassment Training for all employees of retail "Total Petroleum" facilities in Oklahoma, including supervisors, managers and hourly workers, advising them of the requirements and prohibitions of Title VII of the Civil Rights Act of 1964. The training will inform the employees of the complaint procedure for individuals who believe they have experienced sexual harassment. The training will also advise employees, including supervisors and managers, of the consequences of violating Title VII. The training will also include a specific discussion or instruction relating to the issue of sexual harassment and a sexually hostile work environment. The training shall be at least one hour in duration. No less than 30 days after the training is conducted, Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees to give written notice to the EEOC as to the date and location of the training, the name of the person providing the training and the substance of the training.

6. Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees to remove from all personnel files of Sabrina Myers all documents, entries and references relating to: the facts and circumstances which led to the filing of her charge of discrimination; the charge itself; and the complaint filed by the EEOC in federal court based upon her charge.

7. TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees to provide an employment reference for Sabrina Myers limited to the dates of her employment, the last position held and the last salary earned.

8. The parties agree that Myers waives any right she may have to reinstatement.

**CONSENT DECREE** 3

9. Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII, or because of the filing of a charge; giving testimony or assistance or participating in any manner in any investigation, proceeding or hearing under Title VII.

10. Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees to pay Ms. Myers the amount of $ 100,000.00 to resolve all claims for compensatory damages for all state and federal claims of any sort, attorney's fees and costs of this action..

11. The payment referenced in paragraph 10, above, shall be made 10 days after the date of entry of this Consent Decree by check made payable as agreed by Myers and the Defendant. The payment shall be sent by certified mail, return receipt requested, to Ms. Myers' attorney D. Michael O'Neil.

12. Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. agrees to report to the EEOC within 90 days of entry of this Consent Decree regarding its compliance with the agreements set forth in paragraphs 4 through 10, above.

13. All reports to the EEOC required by this Decree shall be sent to Suzanne M. Anderson, Sr. Trial Attorney, EEOC, 207 S. Houston, Dallas, Texas 75202.

14. If Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. fails to tender payment or otherwise fails to timely comply with the terms of paragraphs 7-10, above, Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. shall:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the defendant.

**CONSENT DECREE** 4

15. Neither the EEOC, Sabrina Myers nor Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. fails to perform the promises and representations contained herein. The EEOC shall determine whether Defendant TPI Petroleum Inc. f/k/a Total Petroleum Inc. has complied with the terms of this Consent Decree and shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

16. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

17. The term of this Decree shall be for one (1) year.

SO ORDERED, ADJUDGED AND DECREED this __1st__ day of __February__, ~~19~~ 2000

U.S. DISTRICT COURT JUDGE

ENTERED ON JUDGMENT DOCKET ON 2-1-00

AGREED AS TO FORM AND SUBSTANCE:

Signed this _____ day of January, 2000.

FOR THE PLAINTIFF EEOC

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Sr. Trial Attorney
Texas Bar No. 14009470

*[signature]*
MICHELLE ROBERTSON
Trial Attorney
Oklahoma Bar No. 14084

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston Street
3rd Floor
Dallas, Texas 75202
(214) 655-3337
FAX (214) 655-3331

FOR THE INTERVENOR
SABRINA MYERS

*[signature]*
D. MICHAEL O'NEIL, JR.
Oklahoma Bar No. 6784
1000 W. Wilshire Suite 310
Oklahoma City, OK. 73116
(405) 840-5144

FOR THE DEFENDANTS
*[signature]*
MICHAEL D. CARTER
Oklahoma Bar No. 1525
DAVID W. KIRK
Oklahoma Bar No. 11386
TAVA S. JONES
Oklahoma Bar No. 16854
105 N. Hudson, Suite 901
Oklahoma City, OK 73102
(405) 235-2323
FAX (405) 235-4004

**CONSENT DECREE**　　　　　　　　　　　　　　　　　　6

01-31-2000  02:44pm  From-EEOC                    2148553291           T-601  P.008/008  F-581
01/31/00   12:38   CARTER - KIRK → 8767#0026#9805#12146                NO.448   002
01-16-2000  05:38pm  From-EEOC                    2148553291           T-601  P.008/008  F-427

*Attachment A*

 **Diamond Shamrock**

Diamond Shamrock does not tolerate any form of sexual harassment against any individual (including employees, vendors and customers). This policy applies to all employees, and vendors, contractors, consultants and their employees. Each supervisor and manager shall maintain a work environment free of sexual harassment.

Sexual harassment, like discrimination on the basis of sex, color, race, religion, national origin, disability, veteran status, citizenship or age, is a violation of the law.

Sexual Harassment is unwelcome conduct of a sexual nature which unreasonably interferes with an individual's work performance or creates an intimidating, hostile or offensive work environment.

**Examples include:**

- **Written:** sexually suggestive or obscene letters, faxes or notes

- **Verbal:** derogatory or "teasing" comments, sexually oriented jokes, epithets or slurs

- **Physical:** violating personal space, impeding or blocking movements, touching, patting or any physical interference with normal work

- **Visual:** sexually oriented gestures, displaying sexually suggestive or derogatory objects, pictures, cartoons or posters.

In addition, sexual harassment may result from unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature linked to a condition of employment. Examples of this type of sexual harassment include:

- promising favorable workplace actions (such as a raise or a promotion) in exchange for submission to sexual advances

- taking, or threatening to take, any adverse action (including termination of employment, denial of a raise or a promotion) against the employee unless he or she submits to sexual advances.

Immediately report claims of inappropriate behavior or possible sexual harassment to (1) the Human Resources Department or your immediate supervisor, (2) another management official, or (3) call the "Business Abuse Hotline" (confidential 24-hour hotline) at 1-800-961-5600. Also, if you believe you have been harassed, you are encouraged to tell the person with the offensive behavior that the behavior makes you feel uncomfortable and you want it to stop.

Supervisors and managers must immediately report to the Human Resources Department (1) receipt of a complaint of sexual harassment, (2) receipt of information concerning possible sexual harassment, or (3) observations of conduct which may be sexual harassment. Any question about whether or not particular conduct may be sexual harassment should be directed to the Human Resources Department.

The Human Resources Department will promptly and thoroughly investigate all claims of sexual harassment. Appropriate corrective/disciplinary action will be taken if merited. Employees, including supervisors and managers, will be disciplined (including possible discharge from employment) for failing to comply with this policy.

I, _____ (print name), have received and read Diamond Shamrock's Sexual Harassment Policy. I understand the policy and agree to follow it.

_____     _____     _____
*Employee Signature*                          *Date*                    *Social Security Number*

REV 3/3/99                                                                    TPI 0263